# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| **EDDIE L. NANCE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. TMD 08-2899 |
| ) | |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Eddie L. Nance ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § § 401-433, § § 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No 14) and Defendant's Motion for Summary Judgment. (Paper No. 18). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below**,** Defendant's Motion for Summary Judgment is Granted.

## I. Procedural History

Plaintiff filed his applications for DIB and SSI on August 14, 2003 and May 28, 2003, respectively, alleging disability since May 27, 2002[1] due to seizures, ulcers and a leg injury to

---

[1] Claimant amended his onset date at the hearing to October 1, 2005. R. at 424.

his right leg. R. at 66-68, 84, 408-09. The claims were denied initially and on reconsideration. R. at 33-35, 410-12, 37-38, 413-14. On November 15, 2006, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 418-31. Plaintiff was represented by counsel. In a decision dated February 21, 2007, the ALJ denied Plaintiff's request for benefits. R. at 16-28. The Appeals Council denied review on September 19, 2008 making this action ripe for review. R. at 6-9.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: alcohol abuse, history of seizures, a cerebrovascular accident and prostate cancer. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing his past relevant work. At step five, the ALJ concluded that given his residual functional capacity ("RFC"), there are no jobs that exist in significant numbers in the national economy that Claimant could perform. He concluded that Claimant was disabled. However, he found that Claimant's substance abuse was a contributing material factor to his disability; and therefore, he found Claimant not disabled within the meaning of the Social Security Act. R. at 16-28.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff contends that (1) the ALJ failed to properly evaluate whether Claimant met Listings 12.05 and 11.04; (2) the ALJ failed to support his conclusion that alcohol was a material factor in Claimant's disability; (3); the ALJ failed to give proper weight to Plaintiff's treating physicians; and (4) the ALJ failed to find that Claimant's depression and anxiety constituted severe impairments.

    A.  Listing 12.05 and 11.04

The burden of proof is on the claimant to establish whether his impairment meets or is medically equivalent to the listed impairment. *Harper v. Bowen,* 854 F.2d 678, 679 (4th Cir.1988); *Blalock,* 483 F.2d at 774. When there is "ample evidence in the record to support a

determination" that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify "the relevant listed impairments" and compare "each of the listed criteria to the evidence of [the claimant's] symptoms." *Cook v. Heckler,* 783 F.2d 1168, 1172-73 (4th Cir.1986). "Under *Cook,* the duty of identification of relevant listed impairments and comparison of symptoms to listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments. Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D.Md.1999).

Here, there was ample evidence in the record triggering the ALJ's duty to evaluate Claimant under Listing 12.05. Indeed, the ALJ did discuss the Listing in his opinion finding that Claimant did not meet Listing 12.05B. Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning *with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22*." 20 C.F.R. Pt. 4-4, Subpt. P, App. 1, § 12.05C. (emphasis added). Part B, upon which Claimant relies, requires a valid verbal, performance, or full scale IQ of 59 or less. The ALJ found that although there was evidence in the record that Claimant's full scale IQ was 58, the evidence did not show onset of the impairment before the age of 22. In support of this finding, the ALJ noted that although Claimant reported to Dr. Ansell, his treating physician, that he took special education classes, written statements in the record indicated he did not take such classes. R. at 88. Additionally, the ALJ found that Claimant was a cook for almost 22 years and a shift leader which the ALJ found supported a

4

finding that his level of adaptive functioning was much higher than the diagnosis. R. at 21.

It is well-established that it is not enough for a claimant to point to one IQ score below 60; the claimant must also satisfy the "diagnostic description" of mental retardation in Listing 12.05. *See Rogers v. Astrue,* 2009 WL 750235, *10, No. 1:07-00626 (S.D.W.Va. Mar. 20, 2009 ("Contrary to Plaintiff's argument, the Fourth Circuit has not held that low IQ scores alone satisfy the diagnostic criteria of Listing 12.05C of deficits in adaptive functioning . . . ); *Edge v. Astrue*, 627 F.Supp.2d 609 (E.D.N.C. 2008) (Listing 12.05C "makes it clear that mental retardation is a life-long and not acquired, disability . . .[t]hus to qualify as disabled under this Listing, a plaintiff must first demonstrate that he has had deficits in adaptive functioning that began during childhood."). Here, the ALJ acknowledged Dr. Ansell's IQ test score, but assigned it very little weight. He did so because it was based on "false" information by Claimant; specifically, that he attended special education classes. R. at 404-05. As mentioned above, he also found the IQ score was inconsistent with Claimant's past work duties, including his duties as shift leader where he completed a roster of food supplies and prepared food, and Dr. Ansell's finding that he was competent to manage his benefits. "The Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record," *Markle v. Barnhart,* 324 F.3d 182, 186 (3d Cir.2003).

Claimant argues that the ALJ failed in his duty to develop the record by failing to obtain school records regarding whether he attended special education classes which would support a finding that the onset of impairment existed before the age of 22. A claimant has the burden of establishing the existence of mental retardation during the developmental period. The Court finds that the ALJ's finding that the evidence does not support the requisite deficits in adaptive

functioning required under the Listing is supported by substantial evidence; and therefore, it is unnecessary to explore Claimant's educational background before the age of 22. Accordingly, Plaintiff's argument with respect to Listing 12.05B is rejected.[2]

Similarly, the Court rejects Plaintiff's argument that the ALJ improperly failed to consider Listing 11.04 which relates to central nervous system vascular accident. This listing requires evidence of one of the following conditions more than three months after the alleged vascular accident: 1) sensory or motor aphasia resulting in ineffective speech or communication; or 2) significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station. 20 C.F.R. § 404, Subpt. P, App. 1. There is simply no evidence in the record of either of the above criteria; and therefore, contrary to Plaintiff's argument, the ALJ's duty to discuss the Listing was not implicated. Indeed, the evidence to which Plaintiff now directs the Court's attention falls far short of the requirements. *See* Plaintiff Mem. at 13; R. at 294, 401-03 (treatment notes describing right-sided weakness and memory loss).

    B.  Alcohol as a Material Contributing Factor

---

[2] The Court is also not persuaded that Claimant's condition is medically equivalent to Listing 12.05B. According to the Regulations, a claimant's condition is medically equivalent to a condition described in one of the listed impairments if "it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). This means that a claimant must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment. *See Sullivan v. Zebley,* 493 U.S. 521, 531 (1990). Plaintiff presented no medical findings at the administrative levels, nor does he point to any now, showing significantly subaverage general intellectual functioning with deficits in adaptive functioning prior to the age of 22. *See* R. at 21 (ALJ finding that Claimant does not have an impairment that meets *or equals* the requirements of any Listing).

Plaintiff also argues that the ALJ erred in determining that his substance abuse was a contributing factor material to the finding of disability. Pursuant to the Commissioner's regulations, if a plaintiff is found to be disabled and there is evidence of drug addiction or alcoholism, the Commissioner must determine whether the drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(a). The regulations further provide that the key factor to be examined in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether a plaintiff would still be found disabled if he stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). According to 20 C.F.R. § 416.935(b)(2), the Commissioner will evaluate which physical and mental limitation(s) would remain in the absence of substance abuse.

There is no merit to Plaintiff's suggestion that the ALJ did not follow these procedures and that his findings were not supported by substantial evidence. The ALJ first found that Claimant's limitations, including the substance use disorder, caused him to be disabled. R. at 23. He found that Claimant is a chronic alcoholic who regularly consumes alcohol to intoxication. R. at 22. He further found that Claimant suffers from delirium tremens in the form of seizures because of his alcoholism. R. at 22-23. He found that Claimant is limited nonexertionally by his alcohol abuse in that it causes periodic losses of concentration and attendance to tasks, difficulty meeting attendance standards and would compromise his ability to perform any work on a sustained basis. R. at 21.

The ALJ conducted a thorough discussion of the evidence to determine the extent of Claimant's limitations if the Claimant stopped the substance abuse. He found that if Claimant stopped the substance abuse, he would still suffer from severe impairments. He would still not

7

meet any Listing.  He further found that absent the substance abuse, he would have an RFC to lift/carry 10 pounds, stand/walk for two hours of an eight hour workday, sit for six hours of an eight hour workday, perform work not involving heights or moving machinery and perform jobs not requiring complex or detailed tasks.  Accordingly, the ALJ did not further limit Claimant by periodic loss of concentration and attendance to tasks, difficulties meeting attendance standards and being compromised in his ability to work on a sustained basis—the limitations he found were attributable to his alcohol abuse.  *Cf*. R. at 21 (RFC considering alcohol abuse) *with* R. at 24 (RFC not considering alcohol abuse).  Without these additional limitations, the ALJ found that Claimant was capable of performing a significant number of jobs in the national economy and therefore, he was not disabled.  R. at 27.

Thus, the issue before the Court is whether ALJ's finding that alcohol abuse caused the periodic loss of concentration and attendance to tasks, difficulties meeting attendance standards and being compromised in his ability to work on a sustained basis is supported by substantial evidence.  The Court finds that it is.  Claimant testified that he gets DT's when he drinks in the form of seizures.  R. at 25.  Dr. Ansel indicated that Claimant's seizures were possibly alcohol related.  R. at 25. The ALJ also noted that the Physical Evaluation Board of the Department of the Army noted that the information in the medical record notes the seizures are alcohol related.  R. at 19, 184.  It is the seizures which prevented Claimant from performing work on a sustained basis.  R. at 22.  With respect to his memory loss, the evidence is not as weighty, but nonetheless sufficient to support the ALJ's overall findings.  In September, 2006, Dr. Benjamin Yorkoff indicated that it was due to "booze and the cerebrovascular accident" although he did not differentiate the percentage due to his verebrovascular accident  R. at 20.  Finally, the

8

Court disagrees that the Emergency Message 96-200 required the ALJ to consult a medical expert to determine whether alcohol was a material factor to the determination of disability or otherwise changes the ALJ's finding.

C. Treating Physician Rule

Plaintiff next claims that the ALJ should have accepted Dr. Ansel's opinion that he met Listing 12.05B and Dr. Yorkoff's opinion that he was precluded from work. For the reasons discussed above in Section A, the Court finds that substantial evidence supports the ALJ's finding that Claimant did not meet Listing 12.05B and his decision to reject Dr. Ansell's opinion in similarly supported. With respect to Dr. Yorkoff's finding that Claimant is precluded from work, the regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether a claimant is disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). Furthermore, the ALJ noted that the majority of Dr. Yorkoff's conclusions with respect to Claimant's limitations were not supported by any findings. For example, Dr. Yorkoff opined that Claimant could only occasionally reach, handle, finger and feel, and that his seeing, hearing and speaking were limited. Yet, none of these limitations were supported by clinical findings. R. at 26, 401-03. He also did not indicate how Plaintiff's sitting is limited. R. at 402. Even now, Plaintiff does not point to any medical evidence that would support the limitations found by Dr. Yorkoff, and the Court finds the ALJ's decision to sign his opinion little weight supported by substantial evidence.

D. Depression and Anxiety

Lastly, Plaintiff contends the ALJ erred by failing to find that Plaintiff's depression

9

and anxiety constitute severe impairments at step two of the sequential evaluation. A severe impairment is one which imposes a significant limitation on an individual's ability to perform basic work activities. 20 C.F.R. §404.1521(a). An impairment is non-severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. *See Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The Court has reviewed the record, including the evidence cited by Plaintiff, and finds that there is no diagnosis of anxiety or depression and the medical evidence concerning Plaintiff's mental condition does not meet the definition stated above of a severe impairment. Accordingly, the ALJ did not err by failing to find depression and anxiety severe impairments at step two and the remaining steps are accordingly not affected.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: May 20, 2010                                    _____/s/_____
                                                     THOMAS M. DIGIROLAMO
                                                     United States Magistrate Judge

Copies to:
Lawrence P. Demuth, Esq.
Mignini & Raab, LLP
2015 Emmorton Rd.
Bel Air, MD 21015

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692